CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 27 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KENNETH TYRON CHATMAN,<br>Petitioner, | Civil Action No. 7:12-cv-00091 |
| v. | **MEMORANDUM OPINION** |
| UNKNOWN,<br>Respondent. | By: Samuel G. Wilson<br>United States District Judge |

Petitioner Kenneth Tyron Chatman, a Virginia inmate proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in the Lynchburg Circuit Court. The court finds that Chatman has failed to exhaust his state court remedies before filing this federal habeas petition and, therefore, dismisses his petition without prejudice.[1]

## I.

On April 24, 2009, the Lynchburg Circuit Court convicted Chatman of two counts of use of a firearm in the commission of a felony, one count of murder-felony homicide, one count of malicious wounding, one count of maliciously shooting or throwing a missile at an occupied vehicle, and one count of possession of a firearm by a convicted felon, and sentenced him to 30 years incarceration. Chatman states that he did not appeal and did not file petition for writ of certiorari to the Supreme Court of the United States. Chatman filed a habeas petition in the Lynchburg Circuit Court on May 5, 2010, which the court dismissed on August 2, 2010. Chatman does not allege that he has pursued his state habeas petition to the Supreme Court of Virginia and state court online records confirm that he has not.[2]

---

[1] Further, it appears that Chatman's petition is untimely filed.
[2] In fact, Chatman states that he currently has an appeal pending in the Court of Appeals of Virginia.

## II.

A federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971). In Virginia, a non-death row felon ultimately must present his claims to the Supreme Court of Virginia and receive a ruling from that court, before a federal district court may consider his claims. See Va. Code § 8.01-654. In this case, it is clear that Chatman has yet to pursue his habeas claims in the Supreme Court of Virginia. Accordingly, the court finds that Chatman's petition is unexhausted.

## III.

Based on the foregoing, the court dismisses Chatman's habeas petition without prejudice as unexhausted.

The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to the petitioner.

**ENTER**: This 27th day of February, 2012.

United States District Judge